# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA R. CASTANEDA, | Case No. CV 08-6219-JEM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On September 25, 2008, Elisa R. Castaneda ("Plaintiff" or "Claimant"), filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for both Social Security disability insurance benefits and Supplemental Social Security income. The Commissioner filed an Answer on February 2, 2009. On July 31, 2009, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed.

**BACKGROUND**

Plaintiff is a 50 year old female who was determined to suffer from the severe impairment of lumbar spine impairment. (AR 13.) Plaintiff must establish an onset date of December 31, 2006. (AR 8.) She has not engaged in substantial gainful activity since December 31, 2006. (AR 13.)

Plaintiffs' claims were denied initially by the Social Security Administration ("SSA"). (AR 34-38.) On March 10, 2008, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (AR 15-24.)

The ALJ issued an unfavorable decision on April 24, 2008, denying Plaintiff's claim for benefits. (AR 5-14.) The ALJ concluded that Plaintiff has severe lumbar spine impairment but that she has residual functional capacity ("RFC") to do medium or light work and can perform past relevant or alternative work. (AR 13.) The ALJ determined that Claimant has not been under a disability within the meaning of the Social Security Act at any time through the date of the decision. (AR 12, 13.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council on August 26, 2008. (AR 1-3.)

Of note is that the ALJ previously issued a decision on July 11, 2006, denying a prior application for benefits from Plaintiff. (AR 9.) The ALJ determined in that decision that Plaintiff had the residual capacity to perform light work and engage in substantial gainful activity in jobs and occupations specified by the vocational expert. (Id.) The ALJ found no new or material evidence to reopen the prior decision. (Id.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, there is but one disputed issue: whether the ALJ properly considered the testimony of Elisa Castaneda.

///

///

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

The Court concludes that the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

**A.     The Sequential Evaluation**

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine "whether the claimant is presently engaging in substantially gainful activity." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ, however, must consider the combined effect of all the claimant's impairments on his or her ability to function, regardless of whether each alone is sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that, at all times, the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Substantial Evidence Supports The ALJ's Decision**

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 31, 2006. (AR 13.) The ALJ also determined that Plaintiff had the severe impairment of lumbar spine impairment. (Id.) Plaintiff's case, however, faltered at steps four and five of the sequential evaluation. The ALJ concluded that Plaintiff had the RFC to do medium or light work and to engage in substantial gainful activity in her past relevant work or in alternative jobs. (Id.) The ALJ's conclusions were supported by the testimony of vocational expert Lynn Tracey. (Id. at 24-31.)

Plaintiff did not present an RFC analysis from any treating or consulting physician. Essentially, Plaintiff challenges the basis for the moderate restrictions posed by the ALJ to the vocational expert, contending that the ALJ improperly assessed her subjective symptom testimony in determining her limitations. (JS 4.)

Plaintiff asserts that the ALJ rejected her testimony because: (1) the objective medical evidence did not support the restrictions that she claims, and (2) she was able to perform some daily activities. (JS 6-7.) Plaintiff mischaracterizes the ALJ's decision. The ALJ did not reject Ms. Castaneda's subjective symptom testimony solely for lack of objective medical evidence but properly considered the medical evidence together with all other evidence. In particular, the ALJ relied heavily on the RFC analysis conducted by the consulting examiner Dr. Siciarz-Lambert ("Lambert"). Plaintiff does not address or even mention Dr. Lambert's report.

Additionally, the ALJ mentioned Plaintiff's daily activities as but one element of the credibility analysis. The ALJ did not give much weight to that factor. Again, the ALJ gave primary weight to the medical evidence and Dr. Lambert's report on both Plaintiff's limitations and her credibility.

Upon consideration of the entire record, the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence and free of legal error.

### 1. The Medical Evidence Was Not Improperly Considered

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82, esp. fn. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

Plaintiff appears to contend that lack of objective medical evidence is irrelevant and as a matter of law cannot be considered at all in assessing the severity of a claimant's symptoms. To the contrary, the governing legal principle in the Ninth Circuit is that an ALJ cannot reject subjective symptom testimony based solely on lack of objective medical evidence. Bunnell, 947 F.2d at 345 ("once the claimant produces objective evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence") (emphasis added); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (subjective testimony cannot be rejected on "sole" ground that objective medical evidence is lacking). Even though not determinative of the severity of pain in itself, medical evidence is nonetheless relevant to the ALJ's decision on severity. Id. ("the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); Smolen, 80 F.3d at 1285 (SSR 88-13 requires the adjudicator to give "full consideration to all of the available evidence, medical and other")

(SSR 88-13 is now SSR 96-7p and also included in 20 C.F.R. § 404.1529(c)(3) and § 416.929(c)(3).)

In this case, the ALJ did not rely solely on the lack of medical evidence in rejecting Plaintiff's subjective pain testimony. The ALJ property considered the medical evidence together with all other factors and evidence, including and particularly the report of Dr. Lambert in regard to Plaintiff's RFC and credibility.

The ALJ observed that the medical and diagnostic evidence was weak and unimpressive as it relates to the severity of Plaintiff's symptoms and to her functioning. (AR 11.) There is substantial evidence in the record and cited in the decision to support the ALJ's assessment of the medical evidence. Plaintiff does not dispute the ALJ's assessment or contend that the medical evidence supports a finding of disability.

Her treating physicians at All for Health offered only generalized pain diagnoses such as arthralgia, myalgia, and myositis but never assessed work function. (AR 11.) She was prescribed only mild pain agents like Motrin and Flexeril. (AR 10.) There was never any aggressive treatment or recommendation for same. (Id.)

Examinations repeatedly noted as to the spine "no kyphosis or scoliosis." (AR 11, 189, 190, 234.) Lumbar spine X-rays by Dr. Lambert showed only mild degenerative lumbar spondylosis and no significant degenerative arthritis. (AR 11, 251.) Musculoskeletal examinations reported normal musculature and no skeletal tenderness or joint deformity. (AR 11, 189, 190, 234.) Extremities on examination appeared normal with no edema or cyanosis. (AR 11, 189, 190, 234.) There was full range of motion in both elbows (AR 11, 235), no joint swelling (AR 11, 229) and no acute or apparent distress (AR 11, 229.)[1]

---

[1] The ALJ's decision notes "[T]here is little, if any, medical data correlating with headaches or blurred vision - and the claimant did not mention either at the hearing. She did testify to right arm pain and swelling but, as stated above, the ALJ does not find that she has established a limitation in the use of the upper extremities." (AR 10.) The ALJ noted that Claimant attaches severity only to lumbar disc disease and, although Dr. Lambert found mild tendinitis in the right arm, it was not found to limit work functions. (AR 9.) Plaintiff does not take issue in the JS that the only severe impairment is the lumbar spine condition.

The ALJ decision nowhere indicates <u>sole</u> reliance on this medical evidence in assessing the severity of Claimant's symptoms. The decision describes and evaluates the medical evidence to determine whether it establishes disability and to indicate that it is not contrary to Dr. Lambert's functional assessment. There was no legal error in the ALJ's consideration of the medical evidence together with all other evidence bearing on severity and functioning.

### 2. **Plaintiff Has The Residual Functional Capacity To Engage In Substantial Gainful Activity**

The ALJ's determination of Plaintiff's limitations relies heavily but not entirely on Dr. Lambert's RFC assessment and the vocational expert's testimony. Dr. Lambert's RFC assessment is "the only function-by-function assessment by an examining source." (AR 11.) Plaintiff does not address or even mention this important evidence.

Dr. Lambert's report was summarized by the ALJ:

> As discussed above, Dr. Siciarz-Lambert reported discrepancies between the claimant's responses on formal examination (and her allegations) and her observed movements. In further regard to the right upper extremity, she reported normal range of motion and no evidence of swelling (in any joint). She reported that the claimant 30 pound grip strength with the right hand (60 pounds with the left hand). She did report slight prominence of the muscle/tendon in the right wrist-and slight difference between it and the left wrist, but no tenderness to palpation or warmth. As previously discussed, Dr. Siciarz-lambert described a major contrast between the results of formal examination of the lumbar spine and the claimant's functioning when being discreetly observed. The examination also related normal motor strength, reflexes, sensation, coordination and gait and station.
>
> Dr. Siciarz-Lambert concluded that the claimant may have a mild case of right wrist tendinitis. She assessed that the claimant is limited to

> lifting, carrying, pushing and pulling 50 pounds occasionally and 25 pounds frequently, but is otherwise not restricted, included for sitting, standing, walking, postural maneuvers and gross and fine manipulation. (Ex. 2F). Her assessment, which effectively captures both the medical and lay evidence, comports with a capacity for a full range of medium work (20 CFR 404.1567, 416.927).

(AR 11, 213-19.) Dr. Lambert's report presents medical and diagnostic evidence, a functional assessment and relevant information on Claimant's credibility. (AR 10-11.)

Based on the moderate limitations reported by Dr. Lambert, the ALJ posed hypothetical questions to vocational expert Lynn Tracy to determine Claimant's ability to work. (AR 24-30.) Ms. Tracy testified that Plaintiff had the residual functional capacity to do medium or light work and could perform her past relevant work or alternative jobs. (AR 12.)

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e)(2). There was no legal error in this case or other reason to disturb the ALJ's RFC determination, which properly was based on all relevant evidence, medical and other.

### 3. The ALJ Did Not Improperly Consider Plaintiff's Daily Activities

Plaintiff devotes five pages to the ALJ's reference to daily activities, arguing that sporadic and unrestrained activities do not relate to the ability to perform gainful work. (JS 7-11.) Plaintiff overstates the ALJ's reliance on Plaintiff's daily activities. The ALJ makes only this limited observation on the subject:

> While the claimant asserts in SSA documents that she has problems with some aspects of personal hygiene and carrying out activities, she also reports driving and leaving her residence daily. Given the claimant's credibility problems, as well as the weak medical data, the

> ALJ does not believe that the claimant's functional difficulties are as limited as she reports.

(AR 11.)

The ALJ's reference to daily activities was descriptive, undisputed and a minor aspect of the ALJ's decision. The ALJ's RFC is not based solely or even primarily on Claimant's daily activities. The ALJ based the RFC conclusion primarily on the medical evidence, Dr. Lambert's RFC, the vocational expert's testimony and Plaintiff's credibility or lack thereof.

### 4. The ALJ Did Not Improperly Consider Ms. Castaneda's Subjective Symptom Testimony In Assessing Functional Capacity

The ALJ determined that Plaintiff has a medical impairment, i.e., lumber spine impairment, that can reasonably cause her pain symptoms in her back and upper extremities. (AR 10.) The ALJ did not make a finding that Plaintiff is a malingerer or even mention malingering. Thus, the ALJ must come forward with specific, clear and convincing reasons based on substantial evidence to sustain the finding that Claimant's allegations lack credibility concerning her work capacity. (AR 10, 11, 13.)

The ALJ has met that burden in this case:

> The ALJ finds that the claimant's overall credibility and reliability, including as to the degree of her functional limitations, is seriously compromised by her poor efforts on presentation to consultative physician Dr. Siciarz-lambert's February 2007, as well as by her demonstrated functioning on observation (Ex. B-2F). Dr. Siciarz-Lambert reported that whereas the claimant's *forward flexion* of the lumbar spine was limited to 20 degrees on formal examination, with discreet observation, she was noted to bend forward and attempt to pull out a stool from under the examining table, then stopping when bending to about 45 degrees and looking at the examiner. Dr. Siciarz-Lambert further related that the claimant extended minimal efforts on *straight leg raising* and *other maneuvers.* In further reflecting on the claimant actual

>capacities, Dr. Siciarz-Lambert noted that the claimant moved normally, sat comfortably without shifting in the chair and stood up from the sitting position and sat up from the supine position without difficulty. Additionally, although the claimant complained [of] pain in the dominant right arm, Dr. Siciarz-Lambert observed that she did not limit use of the right hand. She added that when climbing on examining table, the claimant put full pressure on the right hand and used it to stabilize herself.

(AR 10.) These conclusions are also supported by Dr. Lambert's RFC discussed in Section 2 above and by the lack of objective medical evidence.[2]

The ALJ properly relied on Dr. Lambert's RFC which incorporated an assessment of Plaintiff's credibility, the weak medical data and Plaintiff's daily activities in discounting her credibility.

### 5. Summary

The ALJ properly concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time through the date of the ALJ's decision.

///
///
///
///

---

[2] The ALJ concluded that Dr. Lambert's report undermined an observation by a SSA employee that Plaintiff had difficulty walking and writing (AR 10, 81). A subsequent Disability Report found no problems of that sort. (AR 140.)

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 15, 2009                    */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE